**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

REGINE LILAVOIS, on behalf of herself and all others similarly situated,

                Plaintiffs,

-against-

FRONTLINE ASSET STRATEGIES, LLC

                Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff REGINE LILAVOIS (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Joseph H. Mizrahi Law, P.C., against Defendant FRONTLINE ASSET STRATEGIES, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b),(c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with an office maintained in Roseville, Minnesota.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a (6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who received a collection letter from the Defendant attempting to collect an obligation owed, that states an interest charge without clarifying whether that interest is continuing to accrue, in violation of 15 U.S.C. §§1692g and 1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that state an interest charge without clarifying whether that interest is continuing to accrue, in violation of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

3

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If

       Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS PARTICULAR TO REGINE LILAVOIS**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to May 19, 2017, an obligation was allegedly incurred by Plaintiff to Jefferson Capital Systems, LLC ("Jefferson").

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Jefferson is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. At a time known only to Defendant, Jefferson, directly or through an intermediary, contracted Defendant to collect Jefferson's debt.

22. In its effort to collect on the Jefferson obligation, Defendant contacted Plaintiff by written correspondence on May 19, 2017.  *See* Exhibit A.

23. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

5

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C. §1692g(a)(1).

27. Defendant's May 19, 2017 communication indicates that Plaintiff has a "Total Due as of Charge-off: $2215.86."

28. The Letter goes on to itemize a "Total Interest Accrued Since Charge-off [of] $628.86" a "Total non-interest Charges or Fee Accrued Since Charge-off [of] $259.00."

29. However, despite the accrual of said post charge-off fees, Defendant fails to calculate that amount when providing Plaintiff with the "Total Amount Due," as it only states a "Total Amount Due" of $2,215.86, an amount which excludes the addition of Post Charge-off Interest and Fees.

30. Furthermore, despite the accrual of "Interest Accrued Since Charge-off," said communication fails to state whether that balance is static or dynamic in violation of this Circuit's case law.

31. The above statements would leave the least sophisticated consumer unsure as to whether said post charge-off interest was continuing to accrue, as Defendant only provides Plaintiff with its "Balance Due" as of the date of the communication.

32. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

33. As set forth in the following Counts Defendant violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. §1692g**
**Amount of Debt**

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

6

35. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

36. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C. §1692g(a)(1).

37. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

38. 15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance and to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

39. Defendant's collection letter violated 15 U.S.C. § 1692g by failing to include the safe harbor language set out in *Avila*, 817 F.3d at 76.

40. An unsophisticated consumer would be left uncertain by the said letter as to whether the account was accruing interest and/or fees or not.

41. Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also *Rhodes v. Davis*, 628 Fed. Appx. 787, 794 (2 Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract…" (citing *Id*. §5001(a)).

42. Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." *Id*. § 5001(b).

43. "In New York, a breach of contract cause of action accrues at the time of the breach." *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

44. "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." *Kasperek v. City Wire Works, Inc*., No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

## Second Count
## Violation of 15 U.S.C. § 1692e, *et seq*
## False and Misleading Representations as to the Amount of Debt

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

48. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

49. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

50. The question of whether a collection Letter is deceptive is determined from the perspective of the "least sophisticated consumer."

51. Because the collection Letter in the instant case was reasonably susceptible to an inaccurate reading concerning the amount due, it is deceptive within the meaning of the FDCPA.

52. On the one hand Defendant's Letter states that the "Total Due as of Charge-off" is $2215.86. At the same time, however, Defendant also states that Interest and Fees have accrued *since* charge off in the amounts of $628.86 and $259.00, respectively.

53. The Letter is subject to multiple interpretations, one being that the total due is $2215.86, and the other that the total due is $2215.86 plus $628.80 and $259.00. This is a reasonable, albeit false, interpretation because the Letter states that the total is due *as of* charge-off, yet it also itemizes charges that were assumed *Since* charge-off. Basic vernacular lends to the understanding that if something is due *as of* charge off, i.e. when it was charged off by the original creditor, if it then accrues additional fees post charge-off, the same amount cannot also be due since charge-off.

54. When confronted with Defendant's Letter which states, "Total Due as of Charge-off: $2215.86" it is reasonable for the least sophisticated consumer to believe that any amount incurred after that would be in addition to the "as of Charge-off" amount.

55. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

56. The least sophisticated consumer would be unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

57. Defendant's conduct violated 15 U.S.C. §1692e because it failed to accurately convey the amount allegedly due to Defendant.

58. Because the Letter, for the reasons described above, could be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it violates 15 U.S.C. § 1692e.

### Third Count
### Violation of 15 U.S.C. § 1692e
### Misleading Representations Regarding Amount of Debt

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60. 15 U.S.C. § 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    (2) The false representation of –

    the character, amount, or legal status of any debt; or

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

61. The "Total Due as of Charge-off: $2215.86" in this case was for an amount that included original principal and contractual interest.

62. Collection notices that state only the Balance Due but do not disclose that the balance might increase due to interest are "misleading" within the meaning of Section 1692e.

63. As the amount due already accrued Post Charge-Off Interest of $628.86, Plaintiff was left uncertain as to whether the "Total Due as of Charge-off: $2215.86" was continuing to accrue interest, as there was no disclosure that indicated otherwise.

64. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

65. Plaintiff and the unsophisticated consumer would be led to believe that the "Total Due as of Charge-off: $2215.86" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

66. Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor could still seek the automatic interest…or sell the consumer's debt to a third party, which itself could seek the interest and from the consumer. *Avila*, at *10-11.

67. A debt-collector must disclose that interest is accruing, or in the alternative, it must disclose any such waiver.

68. Waiver of interest even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest, at the bare minimum a debt collector must make clear to the least sophisticated consumer that it intends to waive the interest.

69. A consumer who pays the "Total Due as of Charge-off: $2215.86" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest accumulated after the letters were sent but before the balance was paid.

70. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) for misrepresenting the amount of the debt owed by the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

>Respectfully submitted,
>
>By: /s/ Joseph H. Mizrahi
>Joseph H. Mizrahi, Esq.
>Joseph H. Mizrahi Law, P.C.
>337 Avenue W, Suite 2F
>Brooklyn, New York 11223
>Phone: (917) 299-6612
>Fax:   (347) 665-1545
>Email: Jmizrahilaw@gmail.com
>*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>*/s/ Joseph H. Mizrahi*
>Joseph H. Mizrahi, Esq.

Dated:   Brooklyn, New York
         August 7, 2017